21-CV-914

DONNELLY, J.
BLOOM, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

SHANDUKE MCPHATTER,

        Plaintiff,

-against-

MICHELE MOSS-JONES (NYPD),
MICHAEL LANDI (NYPD),
DANIEL ATHERLEY (NYPD), and
NAPHTALIE AZOR (KINGS COUNTY DA).

        Defendants.
-----------------------------------------------------------X

Civil No._____

**CIVIL RIGHTS COMPLAINT**

**JURY TRIAL DEMAND**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 15 2021 ★
BROOKLYN OFFICE

Received Night Drop Box No date or Time

## I. The Parties to This Complaint.

### A. The Plaintiff.

SHANDUKE MCPHATTER
770 FULTON STREET
BROOKLYN, NEW YORK 11238
TEL: (718) 772-7429
EMAIL: ganstamackin@gmail.com

## II. The Defendants.

MICHELE MOSS-JONES
475 CARLTON AVENUE, APT# 11D
BROOKLYN, NEW YORK 11238
TEL: UNKNOWN  EMAIL: UNKNOWN
EMPLOYED WITH THE NEW YORK CITY
POLICE DEPARTMENT (TRAFFIC DIVISION)
AS A TOW-TRUCK OPERATOR
**[Individual and Official Capacity]**

MICHAEL LANDI
NEW YORK CITY POLICE OFFICER
NEW YORK CITY POLICE DEPARTMENT
88TH POLICE PRECINCT
298 CLASSON AVENUE
BROOKLYN, NEW YORK 11205
TEL: (718) 636-6511 EMAIL: UNKNOWN
**[Individual and Official Capacity]**


DANIEL ATHERLEY
NEW YORK CITY POLICE DETECTIVE
NEW YORK CITY POLICE DEPARTMENT
88TH POLICE PRECINCT
298 CLASSON AVENUE
BROOKLYN, NEW YORK 11205
TEL: (718) 636-6547 EMAIL: UNKNOWN
**[Individual and Official Capacity]**


NAPHTALIE AZOR, ESQ.
ASSISTANT DISTRICT ATTORNEY
BROOKLYN DISTRICT ATTORNEY'S OFFICE
350 JAY STREET
BROOKLYN, NEW YORK 11201
TEL: (718) 250-3242 EMAIL: UNKNOWN
**[Individual and Official Capacity]**

## II. Basis for Jurisdiction.

Plaintiff brings this Civil Right action, pursuant to 42 U.S.C. 1983, against the defendants in both the individual and official capacities. Section 1983 provides a jurisdictional basis for claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." *42 U.S.C. 1983*. Plaintiff submits, as set forth hereinafter, that the defendant violated his substantial rights afforded under the Fourth, Fifth and Eighth Amendments of the United States Constitution, and that they are, thus, liable to him for the injuries inflicted.

## III. Statement of Claim.

On January 4, 2020, Defendant Moss-Jones, presented to the 88th Police Precinct in Brooklyn, New York, and falsely reported to Defendant Landi that Plaintiff (with whom she was reportedly not familiar), without provocation, verbally threatened to kill her. Defendant Moss-Jones also reported that she believed Plaintiff was aware of her employment with the New York City Police Department, prompting the falsely alleged threat. Defendant Moss-Jones also falsely reported that Plaintiff stated that he was going to send someone to kill her. No physical contact was alleged to have occurred.

Later that day, Defendant Moss-Jones provided a similar, but materially different, statement to Defendant Atherley. During the interview with Defendant Atherley, Defendant Moss-Jones falsely reported that during the January 4, 2020 alleged incident, Plaintiff stated that he would "shoot" her – but did not allege that Plaintiff stated he would "kill" her, as she had falsely reported to Defendant Landi earlier in the day. Notably, Defendant Moss-Jones did not allege that any physical contact occurred between her and Plaintiff. Defendant Moss-Jones also reported that she was not familiar with Plaintiff, and that another individual (who was reportedly not present during the alleged encounter) provided Defendant Moss-Jones with Defendant's name and photo which were obtained from his Facebook profile.

Defendant Moss-Jones also falsely reported she had a similar encounter with Plaintiff on December 23, 2019. Defendant Moss-Jones reported that no physical contact occurred between her and the individual she allegedly had these encounters with. It should be noted that Plaintiff has never had any encounter with Defendant Moss-Jones. Further, surveillance video of the alleged place of occurrence reveals that no encounter occurred, conclusively establishing the falsity of Defendant Moss-Jones' statements.

Each Defendant knew, or should have known, that Plaintiff had never had the alleged encounters with Defendant Moss-Jones based on the physical evidence establishing that no such encounter occurred, and the glaring and material inconsistencies in Defendant Moss-Jones's allegations. Despite no allegation of any physical contact and the complete absence of probable cause – which is essential to establishing the charged crimes of menacing in the 3rd degree and harassment in the 2d degree* -- on January 6, 2020, Plaintiff was arrested and detained. On January 8, 2020, Defendant Azor, with knowledge that the false allegations did not constitute the offense of menacing or harassment, filed an criminal Information alleging that, on December 23, 2019 and January 4, 2020, Plaintiff violated Penal Law Sections 120.15 (Menacing-3rd) and 240.26(1)(Harassment-2nd).

---

*Menacing in the 3rd degree "requires more than verbal threats, it requires a 'physical menace," i.e., *a physical act* which places the victim in fear of imminent serious injury." *People v. Nwogu, 22 Misc. 201, 204 [N.Y. Crim. Ct. 2008]*(citing *Matter of Akheem B., 308 AD2d 402 [1st Dept. 2003]*; *People v. Sylla, 7 Misc. 3d 8 [App. Term, 2d 11th Jud. Dists. 2005]*, "[V]erbal threats alone" are insufficient to prove harassment in the 2d degree. *People v. Taylor, 2008 N.Y. Slip. Op. 50686 [N.Y. Crim. Ct. 2008]*; *People v. Deitz, 75 NY2d 47 (1989).*

## IV. Injuries.

As a direct result of the Defendants actions (as described in the "Statement of Claim" section), Plaintiff was wrongfully arrested, detained, and is currently being maliciously prosecuted, all in violation of the rights afforded him under the Fourth, Fifth and Eighth Amendments of the United States Constitution to (a) be free from unreasonable seizures of his person, (b) Due Process, and (c) be free from Cruel and Unusual Punishment. Defendant has also suffered a loss of property in that he has expended financial resources to prevent further deprivation of the aforementioned rights. In addition, the Defendants are engaging in a gross abuse of process that is designed to inflict further harm upon Plaintiff.

## V. Relief.

Plaintiff seeks the following relief: (a) **$1,000,000.00**, as to each Defendant in their official and individual capacity, for his claim of false arrest, which violated the 4th, 5th, and 8th Amendments of the U.S. Constitution; (b) **$1,000,000.00**, as to each Defendant in their official and individual capacity, for his claim of unlawful imprisonment, which violated the 4th, 5th, and 8th Amendments of the U.S. Constitution; and, (c) **$1,000,000.00**, as to each Defendant in their official and individual capacity, for his claim of malicious prosecution, which violates the 4th, 5th and 8th Amendments of the U.S. Constitution.

## VI. Certification and Closing.

In accordance with Rule 11 of the Federal Rules of Civil Procedure, by my signature below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with Rule 11.

Dated: Brooklyn, New York
      February 12, 2021

Respectfully submitted,

*Shanduke McPhatter*

**SHANDUKE MCPHATTER**
**Plaintiff, Pro Se**